IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 23-11352-KHK |
| | ) | (Chapter 11) |
| SKIN LOGIC, LLC | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| HARRY KAMIN, *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adv. Case No. 23-01065-KHK |
| | ) | |
| SKIN LOGIC, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES**

Comes now Skin Logic, LLC ("Skin Logic" or the "Debtor"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 7008, Federal Rule of Bankruptcy Procedure 7012, Federal Rule of Civil Procedure 8, and Federal Rule of Civil Procedure 12, and states as follows:

*Answer*

1. Pursuant to Federal Rule of Civil Procedure 8(b)(3), Skin Logic generally denies the allegations of the Complaint to Determine Dischargeability of Debt (the "Complaint," as found at DE #1) except as set forth herein. For the avoidance of doubt, the Complaint contains myriad paragraphs with multiple allegations; where such allegations are specifically identified in connection with an admission herein, the admission should be construed as applying only to such specifically identified allegations.

1

2. Skin Logic admits the allegations of paragraphs 1-7, 9-10, 19, 27, 36, 44, 69, 76, 82-83, and 88-89 of the Complaint.

3. Paragraphs 68, 75, 81, and 87 of the Complaint do not set forth allegations for which an admission or denial is appropriately interposed.

4. Skin Logic admits that Valeria Gunkova ("Ms. Gunkova") formed Skin Logic in 2010 to operate a wellness spa in Loudoun County, with the assistance of Jacob Bogatin ("Mr. Bogatin"), as alleged in paragraph 8 of the Complaint.

5. Skin Logic admits that Ms. Gunkova learned the Building was likely to be sold and thereafter endeavored to acquire the asset, as alleged in paragraph 11 of the Complaint.

6. Skin Logic admits that Ms. Gunkova sought financing, as alleged in paragraph 12 of the Complaint.

7. Skin Logic admits that Mr. Bogatin was indicted, as alleged in paragraph 13 of the Complaint. Consistent with well-settled legal principals, Mr. Bogatin is innocent unless and until proven guilty.

8. Skin Logic admits Ms. Gunkova formed BNG in 2019, as alleged in paragraph 14 of the Complaint.

9. Skin Logic admits Ms. Gunkova sought out a partner for BNG, as alleged in paragraph 15 of the Complaint.

10. Skin Logic admits that Mr. Bogatin met with Mr. Kamin about acquiring the Building, as alleged in paragraph 17 of the Complaint.

11. Skin Logic admits that multiple meetings were held concerning an acquisition of the Building, including Mr. Kamin touring the premises, as alleged in paragraph 18 of the Complaint.

12. Skin Logic admits Mr. Kamin visited Virginia in early 2020 for purposes related to acquiring the Building, as alleged in paragraph 20 of the Complaint.

13. Skin Logic admits Mr. Kamin endorsed two checks for $25,000.00 each, in connection with plans to acquire the Building, as alleged in paragraph 21 of the Complaint.

14. Skin Logic admits additional monies were tendered by Mr. Kamin, as alleged in paragraphs 22-23 and 26 of the Complaint.

15. Skin Logic admits Mr. Kamin travelled to Virginia in May 2020, as alleged in paragraph 24 of the Complaint.

16. Skin Logic admits BNG obtained financing from Atlantic Union Bank to acquire the Building, as alleged in paragraph 25 of the Complaint.

17. Skin Logic admits that Mr. Kamin did, at some point in time, demand a copy of the BNG operating agreement, as alleged in paragraph 31 of the Complaint.

18. Saving and excepting the word "eventually," Skin Logic admits the allegations of paragraph 32 of the Complaint.

19. Skin Logic admits that a real estate brokerage agreement was signed in 2021, as alleged in paragraph 35 of the Complaint.

20. Skin Logic admits that Mr. Kamin sued Ms. Gunkova in Loudoun County Circuit Court in March 2021, as alleged in paragraph 38 of the Complaint.

21. Skin Logic admits that digital devices were analyzed, as alleged in paragraph 39 of the Complaint.

22. Skin Logic admits a copy of an expert report is appended to the Complaint as Exhibit 5, as alleged in paragraph 43 of the Complaint.

23. Skin Logic admits that a copy of J. Christopher Rasich's expert report is appended to the Complaint as Exhibit 28, as alleged in paragraph 49 of the Complaint.

24. Skin Logic admits that Ms. Gunkova was in control of, and operated, Skin Logic at all times relevant, as alleged in paragraph 56 of the Complaint.

25. Skin Logic admits the first two sentences of paragraph 63 of the Complaint, *except* Skin Logic denies that Ms. Gunkova is still the manager of BNG in light of the appointment of a third party fiduciary to helm the entity.

26. Skin Logic admits the allegations of paragraphs 74, 80, 86, and 92 of the Complaint but asserts such contentions to be immaterial because the hypothetical condition precedent is not extant.

*Affirmative Defenses*

1. The Complaint fails to state a claim for which relief may be granted.

2. The Complaint seeks relief that is moot inasmuch as Skin Logic does not presently purport to seek a discharge through bankruptcy.

3. To the extent this Honorable Court is permitted to entertain a moot controversy under *Kiviti v. Bhatt*, 80 F.4th 520 (4th Cir. 2023), *Kiviti* should be overturned.

4. Claims under Section 523 of Title 11 of the United States Code cannot be brought against debtors that are not natural persons; to the extent this Honorable Court is bound to rule otherwise under *In re Cleary Packaging, LLC*, 36 F.4th 509 (4th Cir. 2022), *Clear Packaging* should be overturned.

5. Each cause of action in this action is premised upon the existence of a freestanding and meritorious entitlement to monetary relief against Skin Logic, yet no such underlying causes of action are meritorious in nature.

6. Mr. Kamin lacks standing to act derivatively on behalf of BNG inasmuch as Mr. Kamin did not comply with the rigors of Section 13.1-1042 of the Virginia Code prior to initiating this lawsuit.

7. Mr. Kamin is barred from establishing any freestanding entitlement to economic recovery by reason of the economic loss rule.

8. Mr. Kamin is barred from recovering herein by the doctrine of unclean hands.

Respectfully Submitted,

Dated: March 20, 2024    By:    /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 81556
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@dcbankruptcy.com
*Counsel for the Debtor*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of March, 2024, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig